UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW LYNCH, : | |
| : | |
| Plaintiff, : | Civ. No. 18-5398 (RBK) (AMD) |
| : | |
| v. : | |
| : | |
| OFFICER A. HALE, et al., : | **MEMORANDUM AND ORDER** |
| : | |
| Defendants. : | |
| : | |

KUGLER, U.S.D.J.:

    Plaintiff, Matthew Lynch ("Plaintiff" or "Lynch"), is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. (*See* Dkt. No. 1). On April 5, 2019, this Court proceeded Plaintiff's complaint past screening. (*See* Dkt. No. 6). However, on April 15, 2019, this Court mail was returned to this Court as undeliverable on Plaintiff. (*See* Dkt. No. 8). Thus, as Plaintiff failed to comply with Local Rule 10.1 by keeping this Court apprised of his current address, the matter was administratively terminated on April 25, 2019. (*See* Dkt. Nos. 9 & 10). Plaintiff was given thirty days in which to update his address. (*See* Dkt. No. 10 at 1).

    On December 18, 2020, or over nineteen months after this matter was administratively terminated, Plaintiff submitted a notice of change of address. (*See* Dkt. No. 14). Subsequently, on October 26, 2021, Plaintiff submitted another notice of change of address. (*See* Dkt. No. 15).

    On December 6, 2021, Plaintiff submitted a motion to reopen this case. (*See* Dkt. No. 18). So that this Court can rule on this pending motion, the Clerk shall reopen this case.

    Plaintiff indicates the only reason this case is closed is because the county jail where he was previously detained failed to forward his mail. (*See id.* at 1). Assuming *arguendo* this is true, Local Rule 10.1(a) makes it Plaintiff's responsibility to update this Court of any address change

which Plaintiff clearly failed to do. Thus, Plaintiff's attempt to blame his inaction on the county jail's failure to forward his mail is insufficient.

Nevertheless, in the interest of justice, and under the particular circumstances of this case only, despite Plaintiff's clear failure to comply with this Court's April 25, 2019 order to update his address within thirty days, Plaintiff's motion to reopen so that this case can continue is granted.

At the time this Court previously administratively terminated this case in April, 2019, this Court had just sent Plaintiff's forms for him to complete to effectuate service on the two Defendants. (*See* Dkt. No. 7). However, Plaintiff never returned those forms. (*See* Dkt. No. 12). Accordingly, this Court shall send Plaintiff new forms for him to complete and return to the Court to help effectuate service in this case.

Accordingly, IT IS on this 6th day of January 2022,

ORDERED that the Clerk shall reopen this case so that Plaintiff's motion to reopen (Dkt. No. 18) can be analyzed; and it is further

ORDERED that Plaintiff's motion to reopen (Dkt. No. 18) is granted; and it is further

ORDERED that the Clerk shall provide to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Form") for Defendants Hale and Cohen; and it is further

ORDERED that Plaintiff shall complete the USM-285 forms for Defendants Hale and Cortes each and return them to the Clerk of Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th and Cooper Streets, Camden, NJ 08101; and it is further

ORDERED that upon Plaintiff's sending the completed forms to the Clerk, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the complaint (Dkt.

No. 1), summons, this order and the Court's proceed order (Dkt. No. 6) upon Defendants Hale and Cohen pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States[1]; and it is further

ORDERED that the Defendants Hale and Cohen shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12; and it is further

ORDERED that pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

ORDERED that, if at any time prior to the filing of a notice of appearance by Defendants, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service[2]; and it is further

ORDERED that the Clerk shall send a copy of this order to Plaintiff by regular U.S. mail.

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

---

[1] Alternatively, the United States Marshal may notify defendants that an action has been commenced and request that the defendant waive personal service of a summons in accordance with Federal Rule of Civil Procedure 4(d).

[2] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.